IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENNETH RAGLAND and
CINDY RAGLAND,

    Plaintiffs,

v.                                                                             Civil No. 04-326 WJ/RHS

JOHN GONZALES, Acting Chief
of Police of City of Hobbs, THE HOBBS
POLICE DEPARTMENT, and CITY OF HOBBS,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND
REMANDING STATE LAW CLAIM TO STATE COURT**

    THIS MATTER comes before the Court pursuant to Defendants' Motion to Dismiss [Docket No. 12]. Having reviewed the submissions of the parties and being fully advised on the law, I find Defendants' motion will be granted in part to the extent it seeks dismissal of Plaintiffs' federal claim. Having dismissed Plaintiffs' federal claim, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' state law claim, and this claim will be remanded to the state court from which it was removed.

**BACKGROUND**

    Plaintiffs' Complaint, initially filed in state court on February 6, 2004 and removed to this Court by Defendants on March 23, 2004, alleges that Plaintiffs, were both employees of the City of Hobbs, Hobbs Police Department at the time of the incidents giving rise to their Complaint. Plaintiffs allege that an implied employment contract existed between each of the Plaintiffs and the City of Hobbs by reason of representations and policies of the Hobbs Police Department.

Plaintiffs contend that they went together to Texas to purchase pickup truck and were told by a salesperson at the Ford dealership that they should use a Texas address of a friend to lease a truck and obtain a "package benefit." Plaintiffs state that they proceeded to enter into a lease agreement using the Texas address of a friend.

According to Plaintiffs' Complaint, supervisory officers and agents of the Hobbs Police Department launched an investigation into the Plaintiffs' lease agreement for the Ford. At the conclusion of the investigation, Plaintiffs' employment with the Hobbs Police Department was terminated.

Plaintiffs' Complaint contains two counts. Count I alleges that the Defendants breached implied employment agreements with Plaintiffs by wrongfully discharging Plaintiffs' employment in bad faith. Count I is clearly a state law claim for wrongful termination in breach of an implied employment contract. Count II is brought pursuant to 42 U.S.C. § 1983 and alleges that Plaintiffs were denied due process and good faith, in violation of the Fourteenth Amendment of the United States Constitution, when they were discharged for matters not affecting their job duties or performance, and that their discharges were the direct and proximate result of discriminatory employment practices. Count II is clearly a claim brought pursuant to federal law.

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in

2

the Complaint and construe them in the light most favorable to the plaintiff.  <u>Bullington v United Air Lines, Inc.</u>, 186 F.3d 1301, 1311 (10th Cir. 1999).

I.      PLAINTIFFS' CLAIM UNDER 42 U.S.C. § 1983

Defendants' motion to dismiss treats Plaintiffs' Section 1983 claim as a potential claim for a violation of procedural due process protections under the Fourteenth Amendment and a potential claim for a violation of substantive due process protections under the Fourteenth Amendment.  Plaintiffs' response clearly indicates that Plaintiffs are making no procedural due process claim in this case and are only alleging that the termination of their employment was a violation of substantive due process protections because the decision was arbitrary and capricious and in bad faith.

"[P]rocedural due process ensures that a state will not deprive a person of life, liberty or property" without employing "fair procedures; substantive due process, on the other hand, guarantees that the state will not deprive a person of those rights for an arbitrary reason regardless of how fair the procedures" used.  <u>Hennigh v. City of Shawnee</u>, 155 F.3d 1249, 1253 (10th Cir.1998).  Not all rights merit substantive due process protection, and substantive due process protection generally is accorded to matters relating to marriage, family, procreation, and the right to bodily integrity.  <u>See</u> <u>Albright v. Oliver</u>, 510 U.S. 266, 272 (1994). If an individual's right to property is entitled to the protection of substantive due process, a state may not arbitrarily deprive a person of that property interest.  <u>Archuleta v. Colorado Dep't of Institutions</u>, 936 F.2d 483, 489 (10th Cir. 1991).

The Tenth Circuit has not delineated what specific property interests in employment are fundamental and thus protected by the doctrine of substantive due process.  <u>Clinger v. New

3

Mexico Highlands University, Bd. of Regents, 215 F.3d 1162, 1167 (10th Cir. 2000).  Thus, it is arguable that Plaintiffs' property rights, if any, in continued employment with the City of Hobbs Police Department do not merit substantive due process protection.  Even assuming, however, that Plaintiffs' interest in their employment is a property interest protected by substantive due process, Plaintiffs have failed to allege facts from which it can be inferred that they were arbitrarily or capriciously deprived of that interest without a rational basis.[1]

Plaintiffs' Complaint alleges that Plaintiffs were discharged for entering into a private lease agreement that had no involvement with the Plaintiffs' job duties.  These facts, even if true, simply do not rise to the level of a constitutional violation.  See Curtis v. Oklahoma City Public Schools Bd. of Educ., 147 F.3d 1200, 1215 (10th Cir. 1998) ("The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.").  Accordingly, Plaintiffs' claim for violation of the Fourteenth Amendment due process clause brought pursuant to 42 U.S.C. § 1983 will be dismissed for failure to state a claim.

II.   THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE LAW CLAIM

Under 28 U.S.C. § 1367(c)(3), this Court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction.  This Court's removal jurisdiction over Plaintiffs' Complaint was predicated on federal question jurisdiction of Plaintiffs' claim brought under 42 U.S.C. § 1983.  As noted above,

---

[1]While Plaintiffs' response to the motion to dismiss urges that the termination of Plaintiffs' employment was both arbitrary and capricious, Plaintiffs' Complaint does not make this allegation.  Even if the words "arbitrary and capricious" had been included in Plaintiffs' Complaint, the Court would not give these words deference because they state a legal conclusion. See Ryan v. Scoggin, 245 F.2d 54, 57 (10th Cir. 1957).

4

the Court will dismiss Plaintiffs' Section 1983 claim pursuant to Fed. R. Civ. P. 12(b)(6) leaving only Plaintiffs' state law claim for wrongful termination in breach of an implied employment contract. In accordance with 28 U.S.C. § 1367(c)(3), this Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claim and, pursuant to 28 U.S.C. § 1441(c), will remand this claim to the state court from which it was removed.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Docket No. 12] is hereby GRANTED IN PART and Plaintiffs' claim in Count II of the Complaint is hereby DISMISSED WITH PREJUDICE for failure to state a claim.

IT IS FURTHER ORDERED that the Court will decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claim in Count I of Plaintiffs' Complaint, and this claim is hereby REMANDED to the Fifth Judicial District Court, County of Lea, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE